UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TANA MEADOWS,

                              Plaintiff,                        **REPORT AND**
                                                                         **RECOMMENDATION**
                                                                         10 CV 286 (JG)(LB)
                -against-

THE CITY OF NEW YORK, MAYOR
MICHAEL BLOOMBERG, "311"
CITIZEN SERVICE CENTER DOITT
COMMISSIONER CAROL POST,
THE NYPD/ESU, POLICE COMMISSIONER
RAYMOND W. KELLY, THE FDNY, FIRE
COMMISSIONER SALVATORE CASSANO,
THE MTA, THE CITY HEALTH AND HOSPITAL
CORPORATION, N.Y.C HEALTH AND
HOSPITAL CORP.'S KINGS COUNTY HOSPITAL
EXECUTIVE DIRECTOR ANTONIO D. MARTIN,
DR. LEV POBERESKY, MD, DR. MARTA
ZAHAYKEVICH, THE LIBERTY BEHAVIORAL
MANAGEMENT GROUP, DR. JEFFREY
BORENSTEIN, CEO AND MEDICAL
DIRECTOR OF HOLLISWOOD HOSPITAL,
DR. AGGY JOLLY VALLANAT,
PSYCHIATRIST, DR. S. KLUM, DR. MYSELS, and
STEPHANIE YOUNG,

                              Defendants.
-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        On October 26, 2010, plaintiff filed a "motion for emergency injunctive relief from banned access [sic] to 311 Citizens Service Center." (Docket Entry # 52). On October 29, 2010, the Honorable John Gleeson, United States District Judge, referred plaintiff's motion to me. On

November 3, 2010, defendants opposed plaintiff's motion. (Docket Entry # 61). For the following reasons, I respectfully recommend that plaintiff's motion should be denied.[1]

## BACKGROUND

### I. Complaint

On January 22, 2010, plaintiff filed a *pro se* complaint alleging that she was falsely arrested, hospitalized against her will, and forcibly medicated. In particular, plaintiff asserts that on October 23 and 24, 2008, "an armed team SWAT team" took her from her home, handcuffed her, and placed her in a New York City Fire Department ambulance, in which she was taken to Kings County Hospital. (Docket Entry # 32 at page 11, lines 12-13, 19.). Plaintiff alleges that the Kings County physician did not believe her claim that the New York City Fire Department was being "retaliatory," and instead found her assertion "delusional." Id. at page 4, lines 12-13.

### II. Motion for Preliminary Injunction

In her motion for a preliminary injunction, plaintiff states that on the second year anniversary of her unlawful arrest and imprisonment – October 24, 2010 – she was returning home from a movie at 3:00 a.m. when she passed a firehouse located near her apartment. The firehouse was "completely silent" but "the door was open and someone stood outside." (Docket Entry # 52 at 3). A fire engine drove past her followed by two ambulances. At some point, one of the ambulances veered away and the fire engine drove past plaintiff's building and circled back to the fire station. Id.

---

[1] No party has requested a hearing in this matter and the parties' submissions have convinced the Court that a hearing would be futile. McKenna v. Wright, No. 01-CV-6571, 2002 WL 338375, at * 13 (S.D.N.Y. Mar. 4, 2002) (Knapp, J.); LaRouche v. Webster, 566 F. Supp. 415, 419 n.5 (S.D.N.Y. 1983) ("There is no doubt that a preliminary injunction may be 'denied without a hearing ... when the written evidence shows that lack of a right so clearly that receiving further evidence would be manifestly pointless.").

Plaintiff called the New York City 311 Citizens Service Center and spoke with a supervisor who told her that 311 could not take her call. Plaintiff's call was "abruptly disconnected." Id. at 3-4. Plaintiff called back and asked to speak to the same supervisor. A woman named "Kathleen" told her that "311 will not take" plaintiff's calls. Id. at 4. When plaintiff argued that she had a right to call, Kathleen "robotically repeated that she could not take [plaintiff's] call and hung up." Id. Plaintiff states that on September 15, 2008, another 311 operator told her that 311 could not take her call. Id.

Plaintiff asserts that she has a "constitutional NYS NYC and human and VAWA right to make reports about such incidents in order to protect myself and to document [incidents]." Id. at 3. She requests injunctive relief to lift the "ban" on her calls to 311. Id. at 4. Plaintiff also alleges that the Court has violated her due process rights because three documents she mailed or filed in the Court's after-hours drop box are missing. Id. at 1-2.

III.   Response to Preliminary Injunction

Defendants assert that plaintiff is not barred from calling 311. (Docket Entry # 61 at 2.) Upon information and belief, defendants' counsel asserts that plaintiff has made 1,269 calls to 311 from December 19, 2005 until October 24, 2010. During these calls, plaintiff requests "services that are beyond the jurisdiction of 311," including requests for services based on her claim that private companies and New York City agencies are stalking her. Id. Plaintiff has also called to complain about the NYPD using sirens. As a result of the number times plaintiff has called 311, she has been placed on a "Chronic and Abusive Caller List." Call Center Representatives ("CCRs") are given explicit instructions not to hang up on callers on the "Chronic and Abusive Caller List" but to transfer these callers to a supervisor. Id. Defendants

3

argue that plaintiff's voluminous calls to 311 belie her claim that she has been banned from accessing 311.

IV. Plaintiff's reply

The Court directed plaintiff to file any reply to defendants' response to her motion for a preliminary injunction by November 15, 2010. Plaintiff has not filed a reply.[2]

**STANDARD**

In order to succeed on a motion for a preliminary injunction, plaintiff must show: "(1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and, (3) that the public's interest weighs in favor of granting an injunction." Metropolitan Taxi Cab Bd. of Trade v. City of New York, 615 F.3d 152, 156 (2d Cir. 2010) (internal quotation marks omitted). A preliminary injunction is "an extraordinary and drastic remedy ... that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 868, 972 (1997) (emphasis in original) (quoting 11A Charles Wright, et al., *Federal Practice & Procedure* § 2948 at 129-30 (2d ed. 1995)).

As irreparable harm is the "single most important prerequisite for the issuance of a preliminary injunction," the Court must first consider whether such injury is likely. Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005). "To establish irreparable harm, a party seeking preliminary injunctive relief must show that "there is a continuing harm which

---

[2] Plaintiff has filed three other documents since the Court's order setting her reply date. None of these documents relate to plaintiff's motion for a preliminary injunction. See Docket Entries # 63 (regarding an unsealing order), 63-1 (regarding service on defendant Vallanat), and 64 (regarding mailings to plaintiff).

4

cannot be adequately redressed by final relief on the merits" and for which "money damages cannot provide adequate compensation." Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002). Further, "irreparable harm must be shown to be actual and imminent, not remote or speculative." Id.

## DISCUSSION

I. <u>First Amendment Retaliation Claim</u>

A. Irreparable Harm

"Resort to administrative, legislative, political or judicial processes is protected by the First Amendment so long as the petitioner is concerned with obtaining relief afforded by the system." LeBlanc-Sternberg v. Fletcher, 781 F. Supp. 261, 266 (S.D.N.Y. 1991). Plaintiff's complaints to 311 arguably fall within the province of 311 Citizen Service Centers.[3] If true, plaintiff's claim that she is banned from calling 311 could constitute irreparable harm. See e.g., Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.")

However, an allegation of a First Amendment violation does not automatically warrant a finding or presumption of irreparable harm. Bronx Household of Faith v. Bd. of Educ. of City of New York, 331 F.3d 342, 349 (2d Cir. 2010). Moreover, any presumption of irreparable harm can be rebutted. Plaintiff's letter states that two CCRs told her that they could not take her call

---

[3] "New York City's 311 Citizen Service Center was created to assist residents with non-emergency inquiries." People v. Bender, 14 Misc. 3d 1223(A), 2007 WL 258290, at * 1-2 (N.Y. City Crim. Ct. Jan. 31, 2007) (Ferrara, J.). A large portion of calls by received by 311 involve noise complaints. Id. 311's mission is to "provide the public with quick easy access to all New York city government services and information ..., help agencies improve service delivery by allowing them to focus on their core missions and manage their workload efficiently, and provide insight into ways to improve the City government through accurate, consistent measurement and analysis of service delivery City wide." New York City Department of Information Technology and Telecommunications ("DOITT") website at
http://www.nyc.gov/html/doitt/html/about/about_311.shtml (last visited November 17, 2010).

5

which she assumes means she has been banned from calling 311. Defendants' letter states that there is no ban on plaintiff: she may and does call 311, the CCRs are instructed not to hang up, and plaintiff is transferred to a supervisor because she is on the Chronic and Abusive Caller List. As defendants' letter states that plaintiff is not banned from calling 311, plaintiff has failed to establish irreparable harm. Accordingly, the Court should deny plaintiff's motion on this ground alone.

B. Likelihood of Success on the Merits

Even if plaintiff could establish irreparable harm, her motion would in any event fail for two reasons. First, plaintiff may not hold the City or DOITT liable for the constitutional torts of its non-policymaking employees unless she demonstrates that "the violation of [her] constitutional rights resulted from a municipal custom or policy." Gottleib v. County of Orange, 84 F.3d 511, 518 (2d Cir. 1996). Plaintiff's allegation that a 311 operator rejected her calls on October 24, 2010 pursuant to a "campaign" to silence her or retaliate against her for filing the instant civil suit is insufficient to plead, no less establish, a municipal policy or custom. Ricciuti v. New York City Trans. Auth., 941 F.2d 119, 123 (2d Cir. 1991) ("[A] single incident alleged in a complaint, especially if it involved actors below the policy making level, does not suffice to show a municipal policy."); accord Smith v. City of New York, 290 F. Supp. 2d 317, 321-322 (S.D.N.Y. 2003).

Second, plaintiff's First Amendment retaliation claim is not viable. To prevail on this claim, plaintiff "must demonstrate that [she] engaged in protected speech" and that "the speech was a substantial or motivating factor in an adverse decision taken by the defendant." Beechwood Restorative Care Ctr. v. Leeds, 436 F.3d 147, 152 (2d Cir. 2006). While filing a

6

lawsuit is clearly protected speech, see e.g., Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988); Alvarez v. City of New York, 31 F. Supp. 2d 334, 343 (S.D.N.Y. 1998), plaintiff fails to demonstrate a causal nexus between the CCRs' refusal to take her calls and the filing of her lawsuit.

Outside of the October 24, 2010 occurrence, the only other time plaintiff alleges her call to 311 was refused occurred on September 15, 2008 – before plaintiff was arrested in October 2008 and before she filed this lawsuit in January 2010. Given this sequence of events it is not plausible that defendants are denying her access to 311 based on retaliation for filing this lawsuit. Gill v. Mooney, 824 F.2d 192, 194-5 (2d Cir. 1987) (noting that "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone"). Therefore, plaintiff's motion should be denied. See Rivera-Powell v. New York City Bd. of Elections, 470 F.3d 458, 470 (2d Cir. 2006) (affirming denial of preliminary injunction motion because equal protection claim was based only on conclusory allegations); accord McKenna, 2002 WL 338375, at * 13 (denying injunction for "wholly conclusory" First Amendment retaliation claims).

II. Due Process

Plaintiff alleges the "Court violated her due process right" because three documents she mailed or placed in the after-hours drop box are missing. (Docket Entry # 52 at 1-2).

A. Irreparable Harm

The Court takes judicial notice of the fact that since the initial complaint was filed on January 22, 2010 until the present day, plaintiff has filed 25 motions or letters regarding various issues including envelopes she has received that she believes have been tampered with, license

7

plate numbers she has seen, a stuffed turtle hanging from a fire escape of her building, children with flowers who appeared at the entrance to her building, lost documents, suspicious activity of motor vehicles in her neighborhood, SPAM emails, and her husband's New York Times subscription. Seven of these letters were submitted, received, and docketed after the instant motion.[4] It is clear from plaintiff's own allegations in the instant motion that the United States Marshal Service has assisted her by answering her questions about the availability of the drop box and unlocking the Court doors to permit her to file her documents. (Docket Entry # 52 at 1-2). No individual or entity has obstructed plaintiff's ability to file documents with this Court.

B. Likelihood of Success on the Merits

Plaintiff's motion for injunctive relief would also fail because she cannot enjoin a non-party who is not in privity with defendants. Fed. R. Civ. P. 65(d); Heyman v. Kline, 444 F.2d 65, 66 (2d Cir. 1971) ("Rule 65(d) does not grant a court power so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law."). Nor could she bring a suit against the "district court" for violating her constitutional rights: such claims cannot be maintained against the United States, its agencies, or its employees in their official capacity. See Robinson v. Overseas Military Sales, Corp., 21 F.3d 502, 510 (2d Cir. 1994); Platsky v. CIA, 953 F.2d 26, 28 (2d Cir. 1991) ("even in Bivens actions jurisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work") (citations omitted).

---

[4] Plaintiff has successfully used the Court's drop box on at least six occasions, including to file Docket Entry # 47, which she identifies as one of the three missing documents. (Docket Entries # 33, 47, 52, 54, 55, 63, 63-1).

8

Therefore, as plaintiff cannot enjoin a non-party and her allegations of a due process violation are belied by the record, plaintiff's motion for injunctive relief against the Court should be denied.

III.   State, City, and Human Rights Law Claims

To the extent plaintiff raises other state, city, or human rights law claims, her motion for a preliminary injunction should be denied.[5]  In light of defendants' unopposed letter stating that plaintiff has not been banned from calling 311, that plaintiff has called 311 at a rate of nearly once a day for the past five years, and plaintiff's numerous and ongoing filings with the instant Court, plaintiff has failed to make a "clear showing" of irreparable harm. Mazurek, 520 U.S. at 972.

## CONCLUSION

Accordingly, I respectfully recommend that plaintiff's motion for a preliminary injunction should be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period.  Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42

---

[5] Plaintiff also mentions her VAWA rights have been violated.  However, there is no private right of action under VAWA. U.S. v. Morrison, 529 U.S. 598, 607 (2000).

9

(2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: November 18, 2010
      Brooklyn, New York