UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TANA MEADOWS,

                Plaintiff,                    **REPORT & RECOMMENDATION**
                                                        **10 CV 286 (JG)(LB)**

              -against-

THE CITY OF NEW YORK, et al.,

                Defendants.

-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

The instant action was referred to me for pretrial supervision. Plaintiff filed this *pro se* civil rights action alleging defendants falsely arrested and detained her. Plaintiff has filed numerous letter applications with the Court complaining that defendants are harassing her. However, on the several dates the Court has scheduled hearings or conferences to give plaintiff an opportunity to be heard on these matters, plaintiff has failed to appear. Plaintiff was ordered to appear for a status conference on April 7, 2011 and warned that if she failed to appear, I would recommend that her case should be dismissed. The Court granted plaintiff an adjournment of the conference to April 27, 2011, again warning plaintiff that if she failed to appear, I would recommend that her case should be dismissed. Plaintiff failed to appear for the April 27, 2011 conference. Accordingly, it is respectfully recommended that plaintiff's case should be dismissed under Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

## BACKGROUND

Plaintiff initiated this action on January 22, 2010. In her amended complaint she alleges that a SWAT team broke in, entered, and searched her home on October 23, 2008. Docket entry 32 at 12. She was forcibly taken from her home by the FDNY, then involuntarily hospitalized

and medicated at Holliswood Hospital. Id. at 13, 14. Plaintiff alleges, *inter alia*, that prior to this involuntary hospitalization, the FDNY had stalked her. Id. at 18.

Since July 2010, plaintiff has filed numerous letters reporting the physical condition of her mail, vehicle sightings, and spam emails, all of which she believes to be a part of defendants' campaign to harass and intimidate her. Docket entries # 16, 19, 20, 24, 25, 27, 29, 30, 69, 72. On December 17, 2010, this Court denied plaintiff's motion for a preliminary injunction, which she requested to overturn a purported ban on her phone calls to 311. The Court also scheduled a hearing on defendants MTA, Holliswood Hospital, and Aggy Jolly Vallanat's motions to dismiss plaintiff's amended complaint. See Order dated January 5, 2011. This order informed plaintiff that the hearing date was plaintiff's "opportunity to come before the Court and be heard." Id. When plaintiff failed to appear for the motion hearing, the Court took the motions to dismiss under submission. Docket entry # 74 at 3. On March 11, 2011, the Court granted all of the moving defendants' motions to dismiss, except for Holliswood Hospital's motion to dismiss plaintiff's § 1983 claims, which the Court denied without prejudice to renewal as a converted motion for summary judgment. Id. at 11, 15.

On March 25, 2011, the Court scheduled a status conference in this case for April 7, 2011, and ordered plaintiff, as well as Holliswood Hospital and the City defendants, to appear. In the scheduling order for this conference, the Court informed plaintiff that if she did not request an adjournment and failed to appear for the conference, I would recommend that this case should be dismissed under Rules 16(f) and Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. Docket entry # 76. Plaintiff was further warned: "This is a Court order and plaintiff must appear on April 7, 2011 at 10:00 a.m. in Courtroom 11A if she wants this case to proceed." Id.

By letter dated April 5, 2011, plaintiff requested an adjournment of the April 7, 2011 conference. Docket entry # 78 at 14. In her letter, plaintiff sought a hearing for a protective order against the "intimidation, phone calls, stalking, harassing emails, bank harassment, and tampering with [plaintiff's] business dealings and purchases." Id. at 5. Plaintiff alleges that she was "intimidated and obstructed from appearing" at the motion hearing and from filing a second amended complaint "due to events such as presented here and in all filings by [p]laintiff into the court." Id. at 3. Plaintiff alleges she "has been too frightened and intimidated and physically exhausted ... from defendant (sic) harassment and court indifference ... to file court papers or step into the court." Id. at 13-14. This same letter demanded the recusal of myself and Judge Gleeson and requested reconsideration of the motions to dismiss. Id. at 2.

Plaintiff's request for an adjournment of the conference was granted, however her requests for recusal and reconsideration of the motions to dismiss were denied. Docket entries # 79, 80 and Order dated April 6, 2011. The Court rescheduled the conference for April 27, 2011 and again warned plaintiff that if she failed to timely appear for the conference, I would recommend that this case should be dismissed. Docket entry # 79. Plaintiff was further warned that the Court would not grant another adjournment of the conference. Id.

The day before the conference, plaintiff filed a 41-page letter with the Court, seeking "renewal of my case against the City defendants et al" and asserting that it was unfair to sanction her "due to her fear of her safety" when she had not received the protection she requested in her motion for reconsideration and recusal. Docket entry # 80 at 1. On April 27, 2011, counsel for the City defendants and Holliswood Hospital timely appeared, but plaintiff failed to appear. Counsel for the City defendants reported that plaintiff had left a voice mail message the day prior to the conference, stating that she would not attend the April 27, 2011 conference because

3

the Court did not issue her a protective order. Counsel added that plaintiff had not requested an adjournment of the conference.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... fails to appear at a scheduling or other pretrial conference; is substantially unprepared to participate - or does not participate in good faith - in the conference; or fails to obey a scheduling or other pretrial order." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court order. See Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include ... dismissing the action or proceeding in whole or in part.").

The Court applies Rule 37 standards in a Rule 16(f) dismissal. Quiles v. Beth Israel Med. Ctr., 168 F.R.D. 15, 18 (S.D.N.Y. 1996). Accordingly, the Court considers whether: "(1) plaintiff's non-compliance rose to the level of wilfulness, bad faith, or [her] own fault, (2) less drastic alternatives to dismissal [are] available or ... likely to be effective; and (3) the party ... has been apprised of th[e] possibility [of dismissal]." Cross v. Village of Cooperstown, No. 04-CV-501, 2007 WL 3254269, at * 3 (N.D.N.Y. Nov. 2, 2007) (Scullin., J.) (internal quotations and citations omitted). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (per curiam) (dismissing *pro se* plaintiff's case where plaintiff repeatedly failed to comply with the Court's orders, which warned of the possibility of sanctions, including dismissal).

4

The record demonstrates that plaintiff will not comply with the Court's order to appear. The Court has provided plaintiff with three opportunities to be heard in this matter; she failed to appear at all three scheduled court dates. Instead, she repeatedly asserts that defendants' harassment, in the form of ripped and smudged envelopes, spam emails, odd phone calls and vehicular sightings, and most recently, the City's defendants' request to unseal her criminal records, precludes her compliance with the Court's orders to appear. Plaintiff's requests for "protection" based on her perception that defendants are harassing her have been rejected by the Court. See Docket entry # 21 (denying plaintiff's request based on "intimidation/harassment" due to tampered mail); Docket entry # 65 at 8 (finding no basis for plaintiff's claim that defendants' harassment prevented plaintiff from filing documents); Order dated April 6, 2011[1] (denying motion for reconsideration based in part on plaintiff's allegation that she could not respond to the motion to dismiss without a protective order). There is no reason to believe that plaintiff will comply with any future order to appear or any motion or discovery deadline set by the Court. Cf Issa v. Gristedes Supermarkets, No. 05-CV-3654, 2005 WL 2605581, at * 2 (S.D.N.Y. Oct. 5, 2005) (Gorenstein, M.J.) (finding "no reason to believe [plaintiff] will comply in the future" with court orders to appear, given her failure to appear at two conferences and her statement that she was reluctant to pursue the case.).

Additionally, there is no doubt that plaintiff received notice of the conference and the Court's warning regarding the consequence of her failure to appear, as demonstrated by plaintiff's April 5, 2011 adjournment request, and April 26, 2011 voice mail message for the

---

[1] This order along with the order granting plaintiff's adjournment request were sent to plaintiff by express mail on April 6, 2011.

City defendants' counsel. The Court's orders clearly notified plaintiff that if she failed to appear, the Court would dismiss the case.

Moreover, the Court has already tried the lesser sanction of "allowing additional time .. and warning [plaintiff] of possible dismissal." Cross, 2007 WL 3254269, at * 4. After the Court denied plaintiff's April 5, 2011 motion for reconsideration but granted plaintiff's adjournment request, plaintiff chose to ignore the Court's order to appear. Instead she filed another 41-page letter repeating her perception of harassment. Plaintiff's continued "noncompliance ... has prevented" the progress of this case. Id.

Although there are 80 entries on the docket, the case is stalled because of plaintiff's recalcitrance. While she writes and files numerous documents at her prerogative, all of which require the Court's attention, she refuses to comply with the Court's orders to appear. "While a pro se litigant should be given special solicitude, this 'does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate her rights.'" Quiles, 168 F.R.D. at 19 (quoting McDonald v. Head Criminal Court Supervisor Officer, 117 F.R.D. 55, 58 (S.D.N.Y. 1987), aff'd 850 F.2d 121 (2d Cir. 1988)). The Court cannot schedule discovery and further proceedings in a case where plaintiff fully chooses not to appear. It would be futile and a poor use of defendants' and the Court's resources to entertain plaintiff's obstinate refusal to comply with the basic rules of the system.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's action should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(A)(v).

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: May 3, 2011
      Brooklyn, New York